■ DOLORES M. GOLOMBEK, as Administratrix of the Estate of PAUL M. GOLOMBEK, Deceased, Appellant, v MARINE MIDLAND BANK, N. A., Respondent and Third-Party Plaintiff. RITE-AID OF NEW YORK, INC., Third-Party Defendant-Respondent. (Appeal No. 2.) [598 NYS2d 1019] —Appeal unanimously dismissed without costs (see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 977). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.

■ VINCENT WARSAW, Appellant, v EASTERN ROCK PRODUCTS, INC., et al., Respondents, et al., Third-Party Plaintiff. MACHINERY REPAIR CORPORATION, Third-Party Defendant-Respondent. [599 NYS2d 207] —Order unanimously affirmed without costs. Memorandum: Plaintiff, an employee of third-party defendant, Machinery Repair Corporation, was rendered a paraplegic in October 1987 while repairing a cone crusher, a machine used to crush stones for highway paving. His Labor Law § 240 (1) and § 241 (6) claims against defendant Eastern Rock Products, Inc., the owner of the machine, and defendant Rexnord, Inc., the manufacturer of the machine, were properly dismissed. Plaintiff was not engaged in a protected activity within Labor Law § 240 (1) or § 241 (6). Rather, plaintiff was engaged in his "normal occupation" of repairing machinery at a repair shop, a task not a part of any construction project or any renovation or alteration to the repair shop itself (see, Jock v Fien, 176 AD2d 6, 9, mod on other grounds 80 NY2d 965). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.