■ VINCENT WARSAW, Appellant, v EASTERN ROCK PRODUCTS, INC., Respondent, and REXNORD, INC., Also Known as REX CHAINBELT, INC., Also Known as CHAIN BELT COMPANY, Defendant. REXNORD HOLDINGS, INC., Successor by Merger to

REXNORD, INC., Third-Party Plaintiff, v MACHINERY REPAIR CORPORATION, Third-Party Defendant-Respondent. [621 NYS2d 254] —Order unanimously affirmed without costs. Memorandum: Because plaintiff was not engaged in a protected activity within Labor Law § 240 (1) or § 241 (6) at the time of the accident *(see, Warsaw v Eastern Rock Prods.,* 193 AD2d 1115), Supreme Court properly granted the motion of Eastern Rock Products, Inc. (Eastern Rock) for summary judgment dismissing those causes of action.

The court also properly granted Eastern Rock's motion for summary judgment dismissing the common-law negligence or Labor Law § 200 cause of action *(see, Lombardi v Stout,* 80 NY2d 290, 295). The undisputed facts establish that Eastern Rock did not direct, supervise or control the repair work being performed on the machinery. The fact that it retained the right to inspect the work does not amount to control or supervision *(see, Ramos v State of New York,* 34 AD2d 1056, *lv denied* 28 NY2d 487). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present— Green, J. P., Pine, Balio, Callahan and Boehm, JJ.