■ JUNO JACKSON, Respondent, v WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Appellant. [645 NYS2d 202]—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendant contracted with Rusmar Asbestos & Insulation, Inc., for an asbestos abatement project that included the removal of boilers at several of its schools. As plaintiff and a co-worker were carrying a piece of boiler plate up the four or five stairway steps from a school boiler room to the decontamination chamber on the first floor, the co-worker unexpectedly dropped his end of the piece. The piece started to fall back toward plaintiff, who attempted to continue to hold his end of the piece by walking back down two stairway steps. An end of the boiler plate caught on his coveralls and pulled him to the floor. He seeks damages for injuries allegedly sustained in that accident, asserting causes of action for common-law negligence and violations of sections 200, 240 (1) and section 241 (6) of the Labor Law.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff's activities did not involve the extraordinary elevation-related risks envisioned by Labor Law § 240 (1) (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841), nor was plaintiff struck by an object falling from an elevated work surface (*see, Adamczyk v*

*Hillview Estates Dev. Corp.*, 226 AD2d 1049; *Dupuy v Hayner Hoyt Corp.*, 221 AD2d 901; *Maracle v DiFranco*, 197 AD2d 877). Thus, the Labor Law § 240 (1) cause of action must be dismissed.

With respect to Labor Law § 241 (6), plaintiff must demonstrate that defendant violated a regulation of the Industrial Code mandating compliance with concrete specifications (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Regulations that reiterate general common-law safety standards or that do not factually apply to plaintiff's activities do not support a Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Adamczyk v Hillview Estates Dev. Corp., supra; McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877). On appeal, plaintiff contends that defendant violated 12 NYCRR 23-3.3 (e); 56-5.1 (g); and 56-5.2 (b). Section 23-3.3 (e) sets forth three methods that may be employed during demolition work for the manual removal of debris, brick or other materials. Plaintiff concedes that two of the three methods do not apply, but asserts that defendant violated the regulation by failing to use the third method, i.e., buckets or hoists. We disagree. The only way to remove the pieces of boiler plate from the school building was to carry them manually up the stairway to the decontamination chamber; the use of buckets or hoists as required by section 23-3.3 (e) (2) was not possible. We note that section 23-3.1, which provides that "[a]ny method of demolition of any building or other structure not named or described in this Subpart shall not be used unless granted a special approval", might apply because defendant failed to obtain special approval for carrying the boiler plate up the stairway. A violation of that section, however, cannot support a cause of action under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Corp., supra*, at 502-504; *Adams v Glass Fab*, 212 AD2d 972, 973). Sections 56-5.1 (g) and 56-5.2 (b) do not apply because they require the use of holding carts for cleaned containers of asbestos material after the material has been placed in a waste decontamination enclosure system. Here, the accident occurred before the piece of boiler plate was placed in the waste decontamination system.

Finally, the Labor Law § 200 and common-law negligence causes of action must be dismissed. There is no proof that defendant's representative supervised or controlled the manner or methods of plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). Retention of the right to inspect or monitor the work does not amount to the level of supervision or control required for the imposition of liability

upon an owner (see, *Walsh v Amherst Constr. Co.*, 226 AD2d 1053; *Warsaw v Eastern Rock Prods.*, 210 AD2d 883, *lv dismissed* 85 NY2d 967; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, *lv dismissed* 85 NY2d 924). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.