■ Peter P. Di Giulio et al., Respondents, v City of Buffalo et al., Appellants and John J. Fiorella, Respondent. [655 NYS2d 215] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Peter P. Di Giulio (plaintiff) was injured when a piece of wood framing split and he fell from the roof of a booth he was assembling for use at the 1993 Italian festival organized and operated by defendant Greater Buffalo Italian Heritage and Food Festival, Inc. (Festival). Plaintiff had volunteered to assist in assembling the booth for its owner, defendant John J. Fiorella. Plaintiff commenced this action against Fiorella, the Festival, and defendant City of Buffalo (City), which issued a permit allowing the festival to be conducted on a City street.

Supreme Court erred in denying that part of the motion of the Festival and City for summary judgment dismissing the common-law negligence and Labor Law § 200 cause of action. Plaintiff failed to controvert proof submitted by those defendants establishing that they had no actual or constructive notice of the alleged defect (*see, Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692) and that they did not supervise or control the manner or method of assembling the booth (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).

The court also erred in denying that part of the motion of the Festival and City for summary judgment dismissing the second cause of action, which alleges a violation of section 37.11 of the Arts and Cultural Affairs Law and several sections of 12 NYCRR part 45. Section 37.11 cannot be the basis of a cause of action. That section merely authorizes the Commissioner of Labor to promulgate rules and regulations concern-

ing the safety of amusement devices and temporary structures at carnivals, fairs and amusement parks. Further, neither the Festival nor the City can be held liable for a violation of 12 NYCRR part 45. Section 45.4 of the Industrial Code (12 NYCRR 45.4, now 12 NYCRR 45-1.4), in effect on the date of the accident, required compliance with the provisions of Part 45 by "[e]very manager of an amusement device or temporary structure" and "every employer or employee". A "manager" is a "person having custody or managerial control of an amusement device or temporary structure * * *, whether as owner, lessee, agent or otherwise" (12 NYCRR 45.3 [i], now 12 NYCRR 45-1.3 [f]). Neither the Festival nor the City was a "manager" or "employer" within the meaning of that section. Moreover, the booth did not constitute a "temporary structure", which is a "structure * * * used or intended to be used for amusement purposes or for public occupation in connection with such purposes" (12 NYCRR 45.3 [j], now 12 NYCRR 45-2.3 [d]). Fiorella's booth was intended for the sale of food and was not intended to be used in connection with an amusement device or purpose.

Fiorella cross-claimed against the City and Festival seeking indemnification from them because they failed to provide liability insurance pursuant to the vendors contract that permitted Fiorella to operate a booth at the festival. The court found factual issues whether the contract obligated the Festival to provide a general liability policy insuring Fiorella for the subject accident and, if so, the amount of such policy. We agree. The contractual provision stating that the vendors fee includes the cost of liability insurance is ambiguous. Although the City and Festival submitted extrinsic evidence of their understanding of the contract, the "unilateral expression of one party's postcontractual subjective understanding of the terms of the agreement * * * [is] not probative as an aid to the interpretation of the contract" (*Murray Walter, Inc. v Sarkisian Bros.*, 183 AD2d 140, 146). Thus, the court properly denied the Festival's motion and Fiorella's cross motion for summary judgment on Fiorella's cross claim. The court, however, should have granted that part of the motion of the Festival and the City for summary judgment dismissing Fiorella's cross claim against the City. Fiorella failed to controvert the City's proof establishing that the City was not a party to the vendors contract.

Because factual issues exist concerning the liability of the Festival for the failure to procure insurance, the court properly denied its motion for conditional summary judgment on its

cross claim against Fiorella for contractual indemnification. Further, because the City is entitled to summary judgment dismissing the complaint and cross claim against it, the motion of the City for conditional summary judgment on its cross claim against Fiorella for contractual indemnification was properly denied as moot. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.