■■■ ERNEST BOGENRIEDER et al., Respondents, v CRIPPEN HEATING & AIR CONDITIONING, Appellant, et al., Defendant. [664 NYS2d 968] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Ernest Bogenrieder (plaintiff), an employee of a heating, ventilation and air conditioning (HVAC) supplier, was allegedly injured when he slipped and fell on the flat-topped roof of a church social hall under construction. Plaintiff volunteered to go to the work site after the HVAC subcontractor, defendant Crippen Heating & Air Conditioning (Crippen), told him that there was a problem with certain materials that plaintiff's employer had supplied. Plaintiff offered to "take a look at it". He climbed a ladder, walked across the roof to the rooftop unit of the HVAC system, inspected the unit and climbed back to the ground without incident. Realizing that he left his folder on the rooftop unit, he returned to the roof to retrieve it and allegedly slipped on a spot of water.

Plaintiffs commenced this action against Crippen; Ray's Construction (Ray's), the general contractor; and Church of God in Christ WNY, Jurisdiction, II (Church), the owner, alleging causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Plaintiff's spouse asserted a derivative cause of action. Ray's did not appear in the action, and a default judgment was entered against it. Crippen and the Church each moved for summary judgment dismissing the complaint. Supreme Court denied both motions. Crippen appeals.

The court erred in denying Crippen's motion. Plaintiffs failed to controvert proof submitted by Crippen establishing that plaintiff does not come within the special class of persons entitled to the protections of the Labor Law (*see, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577; *Bosse v City of Hornell*, 197 AD2d 893). Moreover, Crippen is not liable under Labor Law § 241 (6) because it was not an owner or general contractor and it had not been delegated the authority to supervise or control plaintiff's work (*see, Grimes v Pyramid Cos.*, 237 AD2d 940).

Crippen also is entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action because plaintiffs failed to controvert proof submitted by

Crippen establishing that it had no actual or constructive notice of the alleged defect and that it did not control or supervise plaintiff's work (*see, Di Giulio v City of Buffalo,* 237 AD2d 938; *see also, Riley v Stickl Constr. Co.,* 242 AD2d 936).

The court also should have dismissed the derivative cause of action against Crippen (*see, Kjar v Jordan,* 217 AD2d 981, 982). We therefore modify the order by granting the motion of Crippen for summary judgment dismissing the complaint against it. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.