■ WILLIAM R. HARVEY et al., Appellants, v SEAR-BROWN GROUP, Respondent, and HOCH BROTHERS, INC., Defendant and Third-Party Plaintiff, et al., Third-Party Defendant. [692 NYS2d 547] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motion of Sear-Brown Group (defendant) for summary judgment dismissing the complaint seeking damages for injuries sustained by William R. Harvey (plaintiff) when his body was exposed to liquid concrete at a construction site. Defendant established that it did not design or manufacture the liquid concrete and that it did not select that particular mix of concrete for use on the project.

The court erred, however, in determining that it was unnecessary to reach plaintiffs' cross motion for leave to amend the complaint to assert causes of action for alleged violations of Labor Law §§ 200 and 241 (6). In order to impose liability upon a design engineer who performs on-site inspections of the construction work for a violation of either section, a plaintiff must establish that the engineer exercised supervision and control over the activity resulting in plaintiff's injury (*see, Becker v Tallamy, Van Kuren, Gertis & Assocs.,* 221 AD2d 1014). The performance of on-site inspections does not constitute such supervision and control (*see, Bogenrieder v Crippen Heating & Air Conditioning,* 244 AD2d 995; *Warsaw v Eastern Rock Prods.,* 210 AD2d 883, *lv dismissed* 85 NY2d 967; *Paterson v Hennessy,* 206 AD2d 919, 920). Plaintiffs presented no evidence that defendant exercised the requisite supervision and control, and thus we modify the order by denying the cross motion (*see, Non-Linear Trading Co. v Braddis Assocs.,* 243 AD2d 107, 116; *see also, Morgan v Prospect Park Assocs. Holdings,* 251 AD2d 306). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.