■ ERNEST BOGENRIEDER et al., Respondents, v CRIPPEN HEATING & AIR CONDITIONING et al., Defendants, and CHURCH OF GOD IN CHRIST WNY JURISDICTION, II, Appellant. [698 NYS2d 189] —Order unanimously reversed on the law without costs, motions granted and complaint against defendant Church of God in Christ WNY Jurisdiction, II dismissed. Memorandum: Church of God in Christ WNY Jurisdiction, II (defendant) appeals from an order denying its motion to renew its prior motion for summary judgment. Even though defendant abandoned its appeal from an earlier order denying its motion for summary judgment and this appeal is subject to dismissal (*see, Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750; *see also, Bray v Cox*, 38 NY2d 350), we have discretion to entertain the appeal in a proper case (*see, Faricelli v TSS Seedman's*, 94 NY2d 722; *see also, Aridas v Caserta*, 41 NY2d 1059, 1061). In a prior appeal by codefendant Crippen Heating & Air Conditioning (Crippen), we held that Crippen was entitled to summary judgment dismissing the complaint against it because, *inter alia*, Ernest Bogenrieder (plaintiff) does not come within

the special class of persons entitled to the protections of the Labor Law (*Bogenrieder v Crippen Heating & Air Conditioning,* 244 AD2d 995). Supreme Court should have granted defendant's motion for renewal and upon renewal granted the prior motion of defendant for summary judgment dismissing the complaint against it. Plaintiff does not come within the special class of persons entitled to the protections of the Labor Law (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 577; *Bosse v City of Hornell,* 197 AD2d 893). With respect to the common-law negligence cause of action, plaintiffs failed to controvert proof submitted by defendant establishing that it had no actual or constructive notice of the alleged defect and that it did not control or supervise plaintiff's work (*see, Di Giulio v City of Buffalo,* 237 AD2d 938; *see also, Riley v Stickl Constr. Co.,* 242 AD2d 936).

The dismissal of the direct causes of action requires the dismissal of the derivative cause of action. We therefore modify the order by granting the motion to renew and on renewal granting the prior motion for summary judgment and dismissing the complaint against defendant. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Renewal.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.