■ KATHLEEN TRADER, Individually and as Administratrix of the Estate of RUSSELL D. HENNING, Deceased, et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION et al., Defendants, and VILLAGE OF MEDINA, Appellant. [741 NYS2d 362] —Appeal from an order of Supreme Court, Orleans County (Punch, J.), entered August 21, 2001, which denied the motion of defendant Village of Medina for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Village of Medina is dismissed.

Memorandum: Russell Douglas Henning (decedent) sustained fatal injuries when a flag he was removing from the top of a fun house attraction made contact with overhead electrical transmission wires. Decedent sustained severe burns and fell about 15 feet to the ground. Decedent was employed by third-party defendant Empire Rides and Games, Inc., which had contracted with defendant Canal Festivals, Inc., a not-for-profit corporation that organized and ran the Medina Canal Festival every year, to provide rides and other attractions for the festival.

Supreme Court erred in denying the motion of defendant Village of Medina (Village) for summary judgment dismissing the complaint against it. The Village established that it did not

own the property upon which the attraction was situated at the time of decedent's accident, and plaintiffs failed to raise a triable issue of fact. Further, the Village established as a matter of law that it did not control, direct, or supervise the placement or maintenance of the rides and attractions and had no notice of a dangerous condition (*see Di Giulio v City of Buffalo,* 237 AD2d 938, 938). Because the actions taken by the Village in connection with the festival, such as the provision of security, involve only the exercise of its governmental rather than proprietary functions, no liability for negligence can attach absent a special relationship between the Village and decedent, and no such relationship was established here (*see Sebastian v State of New York,* 93 NY2d 790, 793-794). Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.