ESTATE OF THOMAS J. KALIS, Deceased, by JANE KALIS, as Executrix, Respondent, v CITY OF BUFFALO, Appellant. [762 NYS2d 195] —Appeal from an order and judgment of Supreme Court, Erie County (Glownia, J.), entered March 4, 2002, which awarded plaintiff money damages of $140,959 plus costs.

It is hereby ordered that the order and judgment so appealed from be and the same hereby are unanimously reversed on the law without costs, the motion is denied and the complaint is dismissed.

Memorandum: In 1971 plaintiff's decedent, Thomas J. Kalis,

was appointed to a civil service position as a motor equipment mechanic for defendant, City of Buffalo (City). He was a member of the American Federation of State, County, and Municipal Employees AFL-CIO Local 264 (Local 264). On May 22, 1992, Kalis sustained injuries during the course of his employment and received workers' compensation benefits until May 1993, when he was medically cleared to return to work. He worked in the same capacity until June 10, 1995, when he again was injured, this time sustaining severe injuries that permanently prevented his return to work. Kalis remained on the City's payroll until September 11, 1995, at which time he received workers' compensation benefits. He retired from the City one year later, on September 11, 1996, and received a pension from the City.

Pursuant to Article XIII of the collective bargaining agreement (CBA) with Local 264, which went into effect on July 1, 1995, Kalis received a wage differential for a six-month period equal to the difference between his wages and his workers' compensation benefits received while he was unable to work because of his injuries. Kalis, however, demanded that the City continue to pay him the wage differential during the entire period of his disability from work, in compliance with section 35-22 of the City Code, which has no time limitation on payment of the wage differential.

The City refused, and Kalis served a notice of claim on the City on July 9, 1998, more than 2½ years after receiving workers' compensation benefits for his June 1995 injury and more than six years after receiving such benefits for his May 1992 injury. The notice of claim sought the wage differential following his 1995 injury only. He then filed a summons and complaint against the City on September 29, 1998, seeking the wage differential for both his May 1992 and June 1995 injuries. The City served an answer containing several affirmative defenses, including failure to commence the action within the applicable statute of limitations and failure to comply with the notice requirements of General Municipal Law § 50-e. Kalis then moved for summary judgment dismissing the City's affirmative defenses. In addition, he sought an order directing the City to comply with the Code by continuing to pay him the wage differential, and he sought a hearing to determine the amount of arrears owed to him. By order entered February 12, 1999, Supreme Court granted that part of Kalis's motion seeking an order directing payment of the wage differential. The City filed a notice of appeal from that order five days later but did not perfect the appeal. On March 18, 1999, the City moved

for renewal and reargument, and the court denied that motion by order entered July 27, 1999. The City filed a notice of appeal from that order on January 4, 2001 but never perfected the appeal.

Kalis moved for a money judgment and hearing to determine the amounts payable to him by the City. He sought wage differentials for the time periods after his May 1992 and June 1995 accidents, as well as a future wage differential from the date of the motion until December 15, 2008, when he would turn 65 years old. The court granted Kalis's motion by order entered January 31, 2001. The City filed a notice of appeal from that order but did not perfect the appeal.

Kalis died in December 2001 and his estate was substituted as plaintiff on March 11, 2002. A hearing on damages was held before a judicial hearing officer, who determined that plaintiff was entitled to wage differentials for 1992 and from 1995 through 2001. The court adopted that determination and granted an order upon which judgment was entered March 4, 2002 awarding plaintiff $140,959 plus costs. This appeal ensued.

The City contends on appeal that the court erred in granting that part of Kalis's motion seeking an order directing payment of the wage differential. Although the City abandoned its appeal from that order and thus this appeal is subject to dismissal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754-756 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]), we nevertheless exercise our discretion to consider the appeal (*see Bogenrieder v Crippen Heating & Air Conditioning*, 266 AD2d 885 [1999]; *see also Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]).

The City contends that this action sounds in tort and that the notice of claim requirements set forth in General Municipal Law §§ 50-e and 50-i therefore apply. We agree. This action seeks money damages allegedly caused by the failure of the City to discharge a duty imposed upon it by law, i.e., to provide the wage differential. Thus, this action sounds in tort, and a notice of claim therefore was required to be served upon the City within 90 days after the claim arose, pursuant to General Municipal Law § 50-e (*see Phelps Steel v City of Glens Falls*, 89 AD2d 652 [1982]; *see also Melia v City of Buffalo*, 306 AD2d 935 [2003] [decided herewith]). It is undisputed that Kalis did not serve a notice of claim until July 9, 1998, which was well outside both the notice of claim period of 90 days and the statute of limitations period of one year and 90 days (*see* General Municipal Law §§ 50-e, 50-i). Thus, we conclude that this

action must be dismissed. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.