■ JOSEPH M. MELIA, Respondent, v CITY OF BUFFALO, Appellant. (Appeal No. 2.) [762 NYS2d 197] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered January 31, 2001, which, inter alia, granted plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and the complaint is dismissed.

Memorandum: In 1974 plaintiff was appointed to a civil service position as a motor equipment operator for defendant, City of Buffalo (City). He was a member of the American Federation of State, County, and Municipal Employees AFL-CIO Local 264 (Local 264). On June 27, 1994, plaintiff was injured in the course of his employment. He was unable to return to work due to the extent of his injuries and received workers' compensation benefits until his retirement.

Pursuant to Article XIII of the collective bargaining agreement (CBA) with Local 264, which went into effect July 1, 1995, plaintiff was entitled to receive a wage differential equal to the difference between his wages and his workers' compensation benefits for up to six months while he was unable to return to work due to his injuries. Plaintiff, however, commenced this action seeking the wage differential from the date of his injury through the commencement of the action and continuing indefinitely into the future pursuant to section 35-22 of the City Code. That section allows an eligible employee to receive the pay differential for an unlimited period of time. The City answered and raised several affirmative defenses, including the statute of limitations and failure to comply with the notice of claim requirements of General Municipal Law § 50-e. Plaintiff moved for, inter alia, summary judgment on liability for the wage differential payments, and the City cross-moved to dismiss the complaint for failure to comply with General Municipal Law § 50-e.

By its order in appeal No. 2, Supreme Court granted plaintiff's motion for summary judgment, denied the City's cross motion to dismiss and ordered a hearing to determine the amount of the wage differential owed to plaintiff. By its order in appeal No. 1, the court awarded plaintiff $126,982 in damages. In these appeals, the City contends that plaintiff's action sounds in tort and that the notice of claim provisions of

General Municipal Law §§ 50-e and 50-i therefore apply to bar this action. We agree. The complaint seeks money damages for an alleged failure by the City to discharge a duty imposed upon it by law, i.e., to provide the wage differential to plaintiff. Such an action sounds in tort and consequently plaintiff was required, pursuant to General Municipal Law § 50-e, to serve a notice of claim upon the City within 90 days after the claim arose (*see Phelps Steel v City of Glens Falls*, 89 AD2d 652 [1982]; *see also Estate of Kalis v City of Buffalo*, 306 AD2d 932 [2003]). It is undisputed that plaintiff neither served a notice of claim nor applied for leave to serve a late notice of claim. Thus, we reverse the order in appeal No. 2, deny plaintiff's motion for summary judgment, grant the City's cross motion and dismiss the complaint, and we vacate the order in appeal No. 1. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.