■ BERNARDO RAMOS, Appellant, v CHAMPION COMBUSTION, INC., et al., Respondents. [767 NYS2d 430]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 3, 2002, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the Labor Law § 200 and common-law negligence claims against defendant general contractor Champion Combustion, Inc., and otherwise affirmed, without costs.

Plaintiff, while working on a boiler installation project, was standing on a permanent staircase, with one foot on the bottom step and the other on the third step from the bottom step, holding onto steel plates that were stacked vertically on the floor and were about chest high. Plaintiff was injured when his coworkers attempted to remove a steel plate from the pile, causing the pile to shift and fall onto him.

Plaintiff's Labor Law § 240 (1) claim was properly dismissed since the plates he was lifting were not elevated above the work site and his activities did not otherwise involve the extraordinary elevation-related risks envisioned by that statute (*see Melo v*

*Consolidated Edison Co.*, 92 NY2d 909, 911 [1998]; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841 [1994]; *Jackson v Williamsville Cent. School Dist.*, 229 AD2d 985 [1996]). Moreover, even if plaintiff himself were considered to have been working at an elevation, the staircase on which he stood did not malfunction and he did not fall from it (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269 [2001]).

The Labor Law § 241 (6) claim was properly dismissed since the Industrial Code sections relied upon are either nonspecific or inapplicable (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-504 [1993]).

We reinstate plaintiff's Labor Law § 200 and common-law negligence claims against the general contractor whose contractual obligation to supervise the subcontractors and to ensure safe practices was so broad and comprehensive as to displace the owner's own responsibility in that regard (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *see also Heller v 83rd St. Invs. Ltd. Partnership*, 228 AD2d 371 [1996], *lv denied* 88 NY2d 815 [1996]). Concur—Mazzarelli, J.P., Saxe, Williams and Marlow, JJ.