■ BERNARDO RAMOS, Appellant, v CHAMPION COMBUSTION, INC., et al., Respondents. [786 NYS2d 1]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 3, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, while working on a boiler installation project, was standing on a permanent staircase, with one foot on the bottom step and the other on the third step from the bottom step, holding onto steel plates that were stacked vertically on the floor and were about chest high. Plaintiff was injured when his coworkers attempted to remove a steel plate from the pile, causing the pile to shift and fall onto him.

Plaintiff's Labor Law § 240 (1) claim was properly dismissed since the plates he was lifting were not elevated above the work site and his activities did not otherwise involve the extraordinary elevation-related risks envisioned by that statute (*see Melo v Consolidated Edison Co.*, 92 NY2d 909, 911 [1998]; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841 [1994]; *Jackson v Williamsville Cent. School Dist.*, 229 AD2d 985 [1996]). Moreover, even if plaintiff himself were considered to have been working at an elevation, the staircase on which he stood did not malfunction and he did not fall from it (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269 [2001]).

The Labor Law § 241 (6) claim was properly dismissed since the Industrial Code sections relied upon are either nonspecific or inapplicable (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-504 [1993]).

Plaintiff's common-law negligence and Labor Law § 200 claims were properly dismissed as Champion did not exercise supervisory control over the work in the course of which plaintiff was injured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290 [1978]; *DeSimone v Structure Tone, Inc.*, 306 AD2d 90 [2003]). In addition, defendant Champion had not, by contract, agreed to assume responsibility for preventing the type of accident which caused plaintiff's injuries (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Reargument granted and, upon reargument, the decision and order of this Court entered herein on November 25, 2003 (1 AD3d 287) is hereby recalled and vacated. Concur—Mazzarelli, J.P., Saxe, Williams and Marlow, JJ.