In the Matter of RICHARD J. SHERWOOD, Appellant, v TOWN OF LANCASTER et al., Respondents. [905 NYS2d 818]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 29, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reinstating the claims under the collective bargaining agreement and Retirement and Social Security Law § 41 (j) with respect to accumulated sick leave from January 1, 1996 through January 7, 2008 and as modified the judgment is affirmed without costs, and the matter

is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking credit for unused vacation and sick leave accrued as of the date of his retirement from his position as attorney for respondent Town of Lancaster (Town). Petitioner was employed by the Town from January 1, 1976 to December 31, 1991, first as Deputy Town Attorney and then as Town Attorney. Although he was not reappointed in 1992, he subsequently was reappointed to the Town Attorney position on January 1, 1996. He was employed in that position until January 7, 2008, when he abruptly resigned therefrom in order to avoid his imminent termination. Supreme Court determined, inter alia, that petitioner was ineligible to receive a credit for unused vacation and sick leave that he had accrued. This appeal ensued.

At the outset, we reject petitioner's contention that the payment of the benefits at issue is not governed by the terms of the collective bargaining agreement between the Town and the White Collar Unit of the Town's Civil Service Employees Association (hereafter, CBA). Petitioner is correct that at an earlier stage in his employment with the Town, his benefits were governed by the Town's "Personnel Rules for Employees" (Personnel Rules). The record establishes, however, that by a resolution adopted in 2005 the Town expressly made the CBA applicable to employees such as petitioner and, indeed, petitioner himself explicitly relies on various provisions of the CBA in support of his claims for the relief sought. Most notably, he relies on the provision in the CBA allowing him to accrue a maximum of 300 sick days while, under the Personnel Rules, he was entitled to accrue a maximum of only 220 sick days. We cannot agree with petitioner that he is entitled to the benefits of the CBA but is not otherwise bound by its terms.

Petitioner's alleged entitlement to a credit for accrued but unused vacation days is governed by article 3 of the CBA. Pursuant to section 3.4.3, "[i]f an employee is separated from Town service for any reason except termination for cause or resignation on less than ten working days' notice, he/she shall be paid in full for any unused vacation to which he/she is entitled." It is undisputed that petitioner gave less than 10 working days' notice of his resignation, but he contends that he gave immediate notice of his resignation on January 7, 2008 when it became clear that same day that he would not be reappointed as Town Attorney at the Town Board meeting scheduled for that evening. Pursuant to the terms of the CBA, petitioner would have been entitled to a credit for unused vacation days that he ac-

crued had he not resigned and simply awaited the Town Board's decision not to reappoint him. Because he instead chose to resign effective immediately, he is not entitled to that credit, in accordance with the unambiguous terms of the CBA.

Petitioner's alleged entitlement to a credit for accrued but unused sick leave is governed by article 5 of the CBA. Section 5.4 of that article is entitled "Conversion at Retirement," and section 5.4.1 provides that "[p]rior to the retirement, the employee may apply to the Town Board for a lump sum payment of sixty (60%) percent of the cash value of his or her accumulated sick leave as of the date of retirement." We conclude that the court erred in determining that "[s]ection 5.4 of the [CBA] renders eligible only those employees who have actually applied for retirement through the NYS Employee's Retirement System to receive a lump sum payment for accrued sick time." Nothing in the language of the CBA supports that interpretation, which was advanced by respondents. Because the CBA is a contract, the " 'unilateral expression of one party's postcontractual subjective understanding of the terms of the [contract] . . . [is] not probative as an aid to the interpretation of the contract' " nor, by logical extension, does it control the interpretation of the contract (*Di Giulio v City of Buffalo*, 237 AD2d 938, 939 [1997]). It is undisputed that petitioner was just a week short of his 61st birthday when he resigned, his resignation letter states that he was "retiring from Town Service," and petitioner did not thereafter engage in any further employment covered by the New York State retirement system. We thus conclude that the CBA provisions concerning retirement unambiguously apply to petitioner, rendering him entitled to a credit for unused sick leave that he accrued.

We further conclude, however, that pursuant to the express terms of section 5.9.1 of the CBA, petitioner is entitled only to credit for unused sick leave that he accrued from January 1, 1996 through the date of his retirement on January 7, 2008. Pursuant to that section, an employee may receive credit for sick leave that accumulated prior to his or her separation from employment only in the event that the employee "is reinstated in Town service within one (1) year following separation," and here the gap between the reappointment of petitioner as Town Attorney in 1996 and his previous employment with the Town exceeded one year. Moreover, we agree with respondents that there is an issue of fact whether petitioner accurately accounted for his sick leave. The court did not make that determination, nor are we able to do so on the record before us. We therefore modify the judgment by reinstating petitioner's claims under

the CBA as well as Retirement and Social Security Law § 41 (j) with respect to accumulated sick leave from the date of petitioner's reappointment as Town Attorney through the date of petitioner's retirement, and we remit the matter to Supreme Court to determine following a hearing, if necessary, the number of accumulated sick days or hours, if any, for which petitioner is entitled to credit. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.