■ KAIMCHAND DOODNATH, Appellant, v THE MORGAN CONTRACTING CORP. et al., Respondents-Appellants/Third-Party Plaintiffs-Appellants/Second Third-Party Plaintiffs-Appellants. REGIONAL SCAFFOLDING & HOISTING Co., INC., Third-Party Defendant-Respondent; AWR GROUP, INC., Second Third-Party Defendant-Respondent/Third Third-Party Plaintiff-Respondent; DIO RESTORATION, INC., Third Third-Party Defendant-Respondent. [956 NYS2d 11]—

Plaintiff, a truck driver employed by defendant subcontractor Regional, was injured while he was stacking planks and panels from a dismantled sidewalk bridge and placing them in Regional's flatbed truck. He was holding a 100-pound, four-foot-by-eight-foot panel, standing in the back of the truck when his right foot slipped on a wet, dirty plank that had previously been placed on a pile in the truck. Cornell, as property owner, and Morgan, as general contractor, were entitled to summary judg-

ment dismissing plaintiff's complaint and the cross claims against them alleging violations of Labor Law §§ 200 and 241 (6). The evidence demonstrates that Regional controlled the activity of its workers during the disassembly of the sidewalk bridge and the stacking of the bridge materials and that plaintiff was injured as a result of the manner in which he performed his work. There is no evidence that Morgan or Cornell controlled the manner in which the work was performed. In addition, Morgan and/or Cornell lacked timely notice of the specific condition which allegedly caused plaintiff to fall (i.e., his stacking and stepping on a purported slippery plank in the back of Regional's truck) (see generally Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Cahill v Triborough Bridge & Tunnel Auth., 31 AD3d 347, 350-351 [1st Dept 2006]).

Plaintiff's Labor Law § 241 (6) claim, predicated upon an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (d), is similarly unavailing. Plaintiff was not caused to slip due to a slippery work surface, but rather because he placed his right foot onto an allegedly wet and dirty plank that was stacked on top of other planks, 16 inches off the surface of the truck bed (see generally Bond v York Hunter Constr., 270 AD2d 112 [1st Dept 2000], affd 95 NY2d 883 [2000]; Francis v Aluminum Co. of Am., 240 AD2d 985 [3d Dept 1997]; Basile v ICF Kaiser Engrs. Corp., 227 AD2d 959 [4th Dept 1996]).

Morgan/Cornell's arguments for summary judgment on their claims for contractual indemnification from Regional and AWR Group in the third-party action and second third-party action, respectively, are moot (see generally Mayes v UVI Holding, 301 AD2d 409 [1st Dept 2003]; Di Giulio v City of Buffalo, 237 AD2d 938, 940 [4th Dept 1997]). Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.