OPINION OF THE COURT
 

 Ciparick, J.
 

 These appeals require us to examine the circumstances under which Labor Law § 240 (1) liability may be imposed upon property owners and contractors when an object falls on a worker at a construction site. Neither situation presented here gives rise to liability under Labor Law § 240 (1).
 

 Plaintiff Alex Narducci, an employee of Atlantic Windows, was assigned the task of removing steel window frames, as part of a larger restoration project, from the third floor exterior
 
 *266
 
 of a fire-damaged Long Island City warehouse owned by Manhasset Bay Associates and leased to Thypin Steel. To oversee the restoration, Thypin hired Preferred Restoration Experts as its general contractor and Preferred, in turn, hired EBH Construction as its construction manager on the site. Preferred also hired the window subcontractor, A & D Windows who hired Atlantic.
 

 On the day of his accident, plaintiff began by working on the window frame furthest to the right of the three that he was assigned to remove. As he stood on a ladder propped against the right-most window frame sawing the frame loose, plaintiff paused, looked over and saw a large piece of glass from an adjacent window frame falling toward him. He turned to avoid being hit in the face by the glass, but was severely cut on his right arm. Plaintiff did not fall from the ladder, nor did the ladder malfunction in any way.
 

 Plaintiff brought suit under Labor Law § 240 (1), alleging that he should have been given a scissor jack — a type of hydraulic platform — to perform his work properly. Supreme Court denied motions by defendants Manhasset Bay Associates, Thypin Steel and EBH Construction to dismiss plaintiff’s Labor Law § 240 (1) claim, holding that issues of fact existed as to whether scaffolding could have prevented the accident. Further, the court denied EBH Construction’s motion to dismiss plaintiff’s Labor Law § 200 claim against it. A divided Appellate Division affirmed. We now reverse.
 

 Plaintiff Louis Capparelli, Jr., a journeyman electrician employed by Burns Electric Co., was assigned the job of installing fluorescent light fixtures into a dropped ceiling grid as part of the renovation of Onondaga Plaza, a facility in Syracuse. The owner of the facility, Council House Realty Corp., hired Zausmer Frisch Construction, Inc. as its general contractor for the renovation, and Zausmer Frisch contracted with Burns Electric.
 

 Planning to install a ceiling fixture, plaintiff climbed about half-way up an eight-foot step ladder in order to reach the ten-foot ceiling. From his position on the ladder, plaintiff lifted the light fixture into the ceiling grid so that its edges rested on the grid. Plaintiff’s next step would have been to secure the fixture to the ceiling grid by twisting metal tabs attached to the fixture; however, as he was about to descend the ladder in order to change position to perform that step, the light fixture began to fall from the grid. Plaintiff immediately reached out
 
 *267
 
 to stop the fixture from hitting him, but the fixture slid as he tried to hold it, cutting his right hand and wrist. Plaintiff" did not fall from the ladder.
 

 Plaintiff brought suit under Labor Law § 240 (1), alleging that he should have been given a scaffold to perform his work that day. Supreme Court denied cross motions for summary judgment on the Labor Law § 240 (1) claim, holding that issues of fact existed. The Appellate Division modified by granting the cross motion of third party defendant Burns Electric, holding that plaintiffs injury was caused by “the usual and ordinary dangers of a construction site” and not the “extraordinary elevation risks” covered by Labor Law § 240 (1) (256 AD2d 1141). Following a judgment of Supreme Court dismissing the remaining causes of action, plaintiff appealed. We now affirm.
 

 Discussion
 

 Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d 494, 501).
 
 *
 

 Labor Law § 240 (1) “ ‘is to be construed as liberally as may be for the accomplishment of the purpose for which it was * * * framed’”
 
 (Koenig v Patrick Constr. Corp.,
 
 298 NY 313, 319, quoting
 
 Quigley v Thatcher,
 
 207 NY 66, 68), however, this principle operates to impose absolute liability only
 
 after
 
 a violation of the statute has been established. Even “a violation of [Labor Law § 240 (1)] cannot ‘establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury’ ”
 
 (Rocovich v Consolidated Edison Co., 78
 
 NY2d 509, 513, quoting
 
 DeHaen v Rockwood Sprinkler Co.,
 
 258 NY 350, 353).
 

 Labor Law § 240 (1) applies to both “falling worker” and “falling object” cases. With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related
 
 *268
 
 to “a significant risk inherent in * * * the relative elevation * * * at which materials or loads must be positioned or secured”
 
 (Rocovich v Consolidated Edison Co., supra,
 
 78 NY2d, at 514). Thus, for section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured,
 
 because of
 
 the absence or inadequacy of a safety device of the kind enumerated in the statute
 
 (see, e.g., Pope v Supreme-K.R.W. Constr. Corp.,
 
 261 AD2d 523;
 
 Baker v Barron’s Educ. Serv. Corp.,
 
 248 AD2d 655).
 

 In addition, the fact that an injured plaintiff may have been working at an elevation when the object fell is of no moment in a “falling object” case, because a different type of hazard is involved. Working at an elevation does not increase the risk of being hit by an improperly hoisted, load of materials from above. The hazard posed by working at an elevation is that, in the absence of adequate safety devices (e.g., scaffolds, ladders), a worker might be injured in a fall. By contrast, falling objects are associated with the failure to use a different type of safety device (e.g., ropes, pulleys, irons) also enumerated in the statute
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,
 
 81 NY2d, at 501). Because the different risks arise from different construction practices, the hazard from one type of activity cannot be “transferred” to create liability for a different type of accident.
 

 Applying these principles to the facts in
 
 Narducci,
 
 the glass that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell, and thus Labor Law § 240 (1) does not apply. No one was working on the window from which the glass fell, nor was there evidence that anyone worked on that window during the renovation. The glass that fell was part of the preexisting building structure as it appeared before work began. This was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected.
 

 Furthermore, while the risk of falling glass is assuredly greater at a warehouse whose windows have been damaged in a fire, that is not the type of risk that Labor Law § 240 (1) was intended to address. Absolute liability for falling objects under Labor Law § 240 (1) arises only when there is a failure to use necessary and adequate hoisting or securing devices. The absence of a necessary hoisting or securing device of the kind enumerated in Labor Law § 240 (1) did not cause the falling
 
 *269
 
 glass here. This was clearly a general hazard of the workplace, not one contemplated to be subject to Labor Law § 240 (1)
 
 (see, Misseritti v Mark IV Constr. Co.,
 
 86 NY2d 487).
 

 Nor does the fact that plaintiff was working at an elevation bring this scenario within the ambit of Labor Law § 240 (1). Plaintiff does not contest that the ladder on which he was standing functioned properly. He was not injured as a result of a fall. Thus, since the ladder had no legally sufficient causal connection to this injury, it could not be deemed “inadequate” under these facts
 
 (see, Rocovich v Consolidated Edison Co., supra, 78
 
 NY2d, at 513).
 

 Plaintiff argues that if he had performed the task on a scissor jack it might have prevented the accident since he would have performed his work horizontally instead of vertically and, as a result, would have been in a different location when the glass fell. Also, plaintiff asserts that a scissor jack might have protected him from falling glass. As noted, however, a scissor jack is designed to protect the
 
 worker
 
 from falling, an entirely different risk. Here, plaintiff was adequately secured. The only risk was the glass. Since the glass was not an object being hoisted or secured, Labor Law § 240 (1) does not apply.
 

 With respect to plaintiff Narducci’s Labor Law § 200 and common-law negligence claims against EBH Construction, we hold that the motion by defendant EBH Construction to dismiss those claims against it should have been granted. There was insufficient evidence, as a matter of law, to rebut EBH’s argument that it did not exercise sufficient control of the activities of subcontractors to justify the imposition of liability
 
 (Lombardi v Stout,
 
 80 NY2d 290, 294).
 

 The plaintiff in
 
 Capparelli
 
 similarly fails to state a claim under Labor Law § 240 (1). Plaintiff’s job was to secure the light fixture into place after he hoisted it into the ceiling grid. The ceiling that plaintiff was working at was ten feet high, while the ladder he was given was eight feet tall. Plaintiff was standing no less than halfway up the ladder when the light fixture fell on his arm, causing the injury.
 

 Under these undisputed facts, there was no height differential between plaintiff and the falling object. Plaintiff was working at ceiling level when his accident occurred. That being so, this is not a case that entails the hazards presented by “a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured”
 
 (Rocovich v Consolidated Edison Co., supra,
 
 
 *270
 
 78 NY2d, at 514). The fact that gravity worked upon this object which caused plaintiffs injury is insufficient to support a section 240 (1) claim
 
 (see, Rodriguez v Tietz Ctr. for Nursing Care,
 
 84 NY2d 841;
 
 Terry v Mutual Life Ins. Co.,
 
 265 AD2d 929;
 
 Sutfin v Ithaca Coll.,
 
 240 AD2d 989).
 

 While many workplace accidents, including this one, could be classified as “gravity-related” occurrences stemming from improperly hoisted or inadequately secured objects, courts may nonetheless distinguish those occurrences that do not fit within the Legislature’s intended application of Labor Law § 240 (1)
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,
 
 81 NY2d, at 501;
 
 see also,
 
 Temkin,
 
 New York’s Labor Law section 240: Has it Been Narrowed or Expanded by the Courts Beyond the Legislative Intent?,
 
 44 NYL Sch L Rev 45 [2000]). The exclusion made for the
 
 de minimis
 
 elevation differential in this case is appropriate.
 

 Accordingly, in
 
 Narducci,
 
 the order of the Appellate Division should be reversed, with costs, plaintiffs’ Labor Law § 240 (1) cause of action against EBH Construction, Ltd., Manhasset Bay Associates and Thypin Steel Company dismissed, plaintiffs’ Labor Law § 200 and common-law negligence causes of action as against EBH Construction, Ltd. likewise dismissed, and the certified question answered in the negative.
 

 In
 
 Capparelli,
 
 the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 In
 
 Narducci v Manhasset Bay Assocs.:
 
 Order reversed, etc.
 

 In
 
 Capparelli v Zausmer Frisch Assocs.:
 
 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.
 

 *
 

 Labor Law § 240 (1) provides, in relevant part: “All contractors and owners and their agents, * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”