◾ HENRY MONSEGUR et al., Appellants, v MODERN COMFORT TECHNOLOGY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. G.P. SOLAR INSTALLATIONS, INC., et al., Third-Party Defendants-Respondents. [734 NYS2d 866] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered May 2, 2000, which, upon the granting of the motion of the defendant Modern Comfort Technology for summary judgment dismissing the claims asserted against it pursuant to Labor Law § 240 (1) and that part of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-4.3, and upon the granting of that defendant's motion to dismiss the remaining causes of action against it at the conclusion of the plaintiffs' case, is in favor of the defendant Modern Comfort Technology and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The injured plaintiff's Labor Law § 240 (1) cause of action against Modern Comfort Technology was properly dismissed, as that plaintiff was not injured as the result of "a failure to use necessary and adequate hoisting or securing devices" (*Narducci v Manhasset Bay Assocs.,* 96 NY2d 259, 268). Moreover, the Labor Law § 241 (6) claims were also properly dismissed, as the alleged Industrial Code violations either were not applicable to the 3½-foot deep trench involved here, or were not shown to have proximately caused the accident.

In addition, the Supreme Court providently exercised its discretion in finding that expert testimony was necessary in order to establish the composition of the soil for the purposes of determining which 12 NYCRR 23-4.2 (a) specifications applied, and in determining that the witness proposed by the plaintiffs was not qualified to render an opinion thereon (*see, Werner v Sun Oil Co.,* 65 NY2d 839; *Franklin v Jaros, Baum & Bolles,* 257 AD2d 600).

The plaintiffs' remaining contentions are similarly without merit. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.