■ Nunzio Gambino, Appellant, v Massachusetts Mutual Life Insurance Company et al., Respondents. [777 NYS2d 713]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 5, 2003, which denied his motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted the cross motion of the defendants Massachusetts Mutual Life Insurance Company and Lehrer McGovern Bovis, Inc., incorrectly sued as Leher McGovern Bovis, Inc., for summary judgment dismissing so much of the complaint alleging violations of Labor Law § 200 and § 240 (1) insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff was injured when a 37-pound bucket of joint

compound fell on his head from atop a 16-foot scaffold that he was moving in preparation for breaking down the scaffold. He failed to check the top of the scaffold before trying to move it. Claiming that the scaffold had no protective rails on its top, the plaintiff sued the property owner, the defendant Massachusetts Mutual Life Insurance Company (hereinafter Mass Mutual), the construction manager, the defendant Lehrer McGovern Bovis, Inc., incorrectly sued as Leher McGovern Bovis, Inc. (hereinafter Bovis), and the defendant Par Wall Finishing, Inc. (hereinafter Par), the subcontractor retained by his employer. The plaintiff sought to recover damages against these defendants, inter alia, for violations of Labor Law §§ 200 and 240 (1).

The plaintiff moved for summary judgment on the issue of liability on so much of the complaint alleging a violation of Labor Law § 240 (1) insofar as asserted against Mass Mutual, Bovis, and Par. Mass Mutual and Bovis cross-moved for summary judgment dismissing so much of the complaint alleging violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them. In opposing the cross motion, the plaintiff limited his arguments to the violation of Labor Law § 240 (1). The Supreme Court denied the motion and granted the cross motion.

In the context of a falling object that injures a worker involved in an activity covered by Labor Law § 240 (1), the plaintiff must establish that the object fell while being hoisted or secured because of the inadequacy of a safety device enumerated in the statute (*see Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]; *O'Donoghue v New York City School Constr. Auth.,* 1 AD3d 333, 335 [2003]). Not every falling object injury is embraced by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc., supra* at 267). The evidence established that the bucket of joint compound was not being hoisted or secured when the plaintiff caused it to topple from its perch onto his head (*see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744, 746 [2001]). The accident that resulted in the plaintiff's injuries is a type of hazard that a construction worker usually encounters on the job (*see Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491 [1995]). Moreover, the plaintiff's actions were the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Plass v Solotoff,* 5 AD3d 365 [2004], *lv denied* 2 NY3d 705 [2004]). Therefore, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). By contrast, Mass Mutual and Bovis on their cross motion established their prima facie entitlement to dismissal of so much

of the complaint alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and the plaintiff failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Monsegur v Modern Comfort Tech.,* 289 AD2d 307 [2001]).

Moreover, Mass Mutual and Bovis established their entitlement to summary judgment dismissing so much of the complaint alleging a violation of Labor Law § 200 insofar as asserted against them by demonstrating that they neither exercised control over the plaintiff's work nor had actual or constructive notice of the allegedly dangerous condition (*see O'Donoghue v New York City School Constr. Auth., supra* at 335-336). In opposition, the plaintiff failed to address the Labor Law § 200 claim.

Accordingly, the Supreme Court properly denied the plaintiff's motion and granted the cross motion of Mass Mutual and Bovis. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.