■ CHRISTINE ROSADO et al., Respondents, v BRIARWOODS FARM, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, MONSEY LUMBER & BUILDING SUPPLY CORP., Appellant, et al., Defendants and Third-Party Plaintiffs. THOMAS SCARPULLA, INC., Third-Party Defendant-Appellant. [796 NYS2d 394]—

In an action to recover damages for wrongful death, etc., (1) the defendant third-party and second third-party plaintiff

Briarwoods Farm, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated April 14, 2004, as (a) granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and (b) denied that branch of its motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, (2) the defendant Monsey Lumber & Building Supply Corp. separately appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and (3) the second third-party defendant, Thomas Scarpulla, Inc., cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c] [3]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the plaintiff's motion and substituting therefor a provision denying the plaintiff's motion, and (2) deleting the provision thereof denying that branch of the motion of the defendant Briarwoods Farm, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 9, 2000, the plaintiff's decedent, who was employed as a framer to construct houses in a development owned by the defendant Briarwoods Farm, Inc. (hereinafter Briarwoods), was fatally injured when bundles of lumber which had been resting on the framing of an uncompleted porch overhang fell on top of him. On the previous day, June 8, 2000, the plaintiff's decedent had directed the lumber delivery driver, employed by the defendant Monsey Lumber & Building Supply Corp. (hereinafter Monsey), to place the bundles of lumber on the framing of the top of the porch overhang. Despite the fact that he felt that it was unsafe to place the lumber on the porch overhang, and despite the fact that he had been trained not to comply with a contractor's wishes to place lumber in a place where he believed it to be unsafe, Monsey's driver, before he left the site, merely told the plaintiff's decedent that he believed that it was unsafe to leave the lumber on the porch overhang. Eliezer Herskowitz, Briarwoods' vice-president, who had general oversight responsi-

bilities for the development, observed the lumber placed on top of the porch overhang and told a member of the plaintiff's decedent's crew that he believed that the weight of the lumber was not safe, and that he had to "do something about it." Herskowitz did not tell the crew to stop working until the lumber had been removed.

The following morning, the plaintiff's decedent borrowed a hydraulic jack from a framer who was working at a nearby construction site, after telling the framer that the beams of the porch overhang were leaning where the lumber was positioned, and that he intended to fix it. The plaintiff's decedent told a member of his crew that he planned to use the jack to place another 2 inch by 6 inch support post beneath the girder for the porch overhang. Although the accident apparently was unwitnessed, OSHA conducted an investigation and made the following conclusion in a report: "The [plaintiff's decedent] told [his crew] that he would take care of [the sagging porch overhang] and got a hydraulic jack, a 2" x 4" and a prop and proceeded to jack up the side that had the diagonal bracing. As he was jacking it up the porch ceiling frame and 2" x 6" 's shifted and all the lumber stored on top came crashing down. The [plaintiff's decedent] was buried under 4950 pounds of lumber"

The plaintiff commenced the instant action against, among others, Briarwoods and Monsey, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as claims of common-law negligence. Briarwoods moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, the plaintiffs moved for summary judgment on the issue of Briarwoods' liability on the cause of action alleging a violation of Labor Law § 240 (1), and Monsey moved, inter alia, for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. The Supreme Court granted the plaintiffs' motion, and denied these branches of Briarwoods' motion and Monsey's motion. We modify.

In the context of a falling object that injures a worker in an activity covered by Labor Law § 240 (1), a plaintiff must establish that the object fell while being hoisted or secured because of an inadequacy of a safety device enumerated in the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Not every falling object case is embraced by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc., supra* at 267). Under the circumstances of this case, the lumber resting on the porch overhang was not an object that needed to be secured. While

there were certainly measures that could have been taken which might have prevented the accident from occurring (and it appears that the plaintiff's decedent was attempting to take such measures when the accident did occur), the instant accident was the type of hazard that a construction worker typically encounters on the job, as opposed to one that implicates the protection of Labor Law § 240 (1) (*see Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337 [2004]). Because Briarwoods made out a prima facie case for summary judgment and the plaintiffs failed to raise a triable issue of fact in opposition, that branch of Briarwoods' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it should have been granted.

Turning to the Labor Law § 241 (6) claim, Briarwoods' contention that the Supreme Court erroneously denied that branch of its motion which was for summary judgment dismissing this cause of action is without merit. A plaintiff asserting a cause of action alleging a violation of Labor Law § 241 (6) must allege that a specific and concrete provision of the Industrial Code was violated (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra; Samuel v A.T.P. Dev. Corp.*, 276 AD2d 685, 686 [2000]) and that the violation proximately caused his or her injuries (*see Plass v Solotoff*, 5 AD3d 365, 367 [2004]). Section 23-2.1 (a) (2) of the Industrial Code (12 NYCRR), the provision of which the plaintiffs allege a violation, has been held to contain the concrete specifications required to sustain a claim under Labor Law § 241 (6) (*see Flihan v Cornell Univ.*, 280 AD2d 994 [2001]; *Randazzo v Consolidated Edison Co. of N.Y.*, 271 AD2d 667, 668 [2000] [generally addressing section 23-2.1 (a)]). Thus, to be entitled to judgment as a matter of law on this claim, Briarwoods was required to make a prima facie showing that the alleged violation of Industrial Code § 23-2.1 (a) (2) was not a proximate cause of the accident. Since Briarwoods failed to do so, this branch of Briarwoods' motion was properly denied.

With respect to Monsey's contention that it was entitled to dismissal of the common-law negligence cause of action insofar as asserted it, such contention is without merit. A triable issue of fact exists as to whether the actions of the plaintiff's decedent can be deemed a superseding or intervening event which broke the causal nexus between Monsey's alleged negligence and the harm incurred (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.