◼ RODRIGO GALVAN, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents. [814 NYS2d 256]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated March 8, 2005, which denied his motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

To prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must prove both that the statute was violated and that the violation was a proximate cause of his injuries (*see Bland v Manocherian,* 66 NY2d 452 [1985]; *Lightfoot v State of New York,* 245 AD2d 488 [1997]). The statute applies to both "falling workers" and "falling objects" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267 [2001]). Here, the plaintiff failed to meet his prima facie burden of establishing entitlement to summary judgment on a "falling object" theory (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Narducci v Manhasset Bay Assoc., supra*). The proffered evidence did not demonstrate prima facie that the C-clamp which struck the plaintiff "fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc., supra* at 268; *see Rosado v*

*Briarwoods Farm, Inc.,* 19 AD3d 396 [2005]; *Gambino v Massachusetts Mut. Life Ins. Co.,* 8 AD3d 337 [2004]; *see also Atkinson v State of New York,* 20 AD3d 739 [2005]; *Love v New York State Thruway Auth.,* 17 AD3d 1000 [2005]). In any event, the defendants raised issues of fact as to the manner in which the C-clamp fell, i.e., whether it was deliberately thrown off the side of the scaffolding or whether it was accidentally dropped or fell (*see Roberts v General Elec. Co.,* 97 NY2d 737 [2002]).

The defendants also raised issues of fact as to the manner in which the accident occurred, which precludes summary judgment based on a "falling worker" theory (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Cajamarca v Interconex, Inc.,* 8 AD3d 602 [2004]; *Tylman v School Constr. Auth.,* 3 AD3d 488 [2004]; *cf. Ramos v Champion Combustion, Inc.,* 12 AD3d 227 [2004]). Accordingly, the Supreme Court properly denied the plaintiff's motion. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.