■ ILARIO IENCO et al., Respondents, v RFD SECOND AVENUE, LLC, et al., Appellants. [840 NYS2d 792]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 16, 2006, as denied that branch of their motion which was for summary judgment dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1).

Ordered that order is affirmed insofar as appealed from, with costs.

The defendants hired Atlantic Heydt (hereinafter Atlantic), the employer of the plaintiff Ilario Ienco, to remove temporary elevators that had been used in the construction of a building. In order to do so, Ienco and his partner had to loosen bolts from a 250-pound steel beam that was just above their heads, while standing on a 13-foot long and 1-foot wide aluminum plank, remove the beam from the column it was in, and then pass the beam to Atlantic workers who were standing approximately six feet below. After they removed the bolts from one beam on the 20th floor, Ienco's partner removed his end of the beam from the column. However, as Ienco struggled to remove the other end of the beam, it suddenly came free and struck him in his shoulder and arm causing him to sustain, inter alia, a broken elbow. Once the beam struck Ienco, he began to lose his balance and fall, but he was able to stop his fall by bracing his right foot against a piece of metal. In doing so, Ienco hit his head against a metal column sustaining a head injury. Despite losing his balance and almost falling, Ienco managed to grab the beam, hold onto it, and then, with his partner, pass it to the Atlantic employees below. According to Ienco's deposition testimony, he was not provided with a safety harness. Ienco's foreman testified to the contrary at his deposition stating that, at the time of the accident, Ienco was tied to the building.

Labor Law § 240 (1) requires contractors and owners to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]). Here, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the plaintiffs' cause of action based on

Labor Law § 240 (1) under the "falling worker" theory of liability (*see Narducci v Manhasset Bay Assoc., supra* at 267-268) as the defendants failed to satisfy their prima facie burden establishing their entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Ienco's deposition testimony raises a triable issue of fact as to whether he was provided with any safety devices such as a harness (*see Pesca v City of New York*, 298 AD2d 292, 293 [2002]; *see also Cordero v Kaiser Org.*, 288 AD2d 424, 425-426 [2001]; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). As the Supreme Court correctly determined, "[i]t is of no consequence that plaintiff allegedly sustained injuries as he prevented himself from falling further" (*Ortiz v Turner Constr. Co.*, 28 AD3d 627, 628 [2006]).

The Supreme Court also correctly determined that the "falling object" theory of liability (*see Narducci v Manhasset Bay Assoc., supra* at 267-268) under Labor Law § 240 (1) was inapplicable. The undisputed deposition testimony established that the height from which the beam fell was minuscule (*see Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844 [1994]; *Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]; *Jacome v State of New York*, 266 AD2d 345, 346-347 [1999]; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 658 [1994]). Moreover, the defendants satisfied their prima facie burden establishing that the beam did not fall, while being hoisted or secured, "*because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc., supra* at 268). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Rosado v Briarwoods Farm, Inc.*, 19 AD3d 396, 398-399 [2005]; *Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337, 338-339 [2004]; *cf. Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 621 [2003]; *Stang v Garbellano*, 262 AD2d 853, 854 [1999]).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.