■ EDWARD WYSK, Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents. [930 NYS2d 60]—

This action arises out of a construction accident that allegedly occurred on property owned by the defendant City of New York and operated by the defendant New York City Department of Education. The defendant New York City School Construction Authority hired nonparty Admiral Construction, LLC (hereinafter Admiral), to act as general contractor for the renovation of a school building on the property. Admiral hired nonparty subcontractor Imperium Construction, Inc. (hereinafter Imperium), to remove the old roof on the school building and install a new one.

On the date of the accident, the plaintiff, who was employed by Imperium, allegedly was working on the ground level, putting materials on and taking materials off a material hoist, when he was struck in the ankle by a bucket containing a mop head. At a hearing pursuant to General Municipal Law § 50-h and at a deposition, the plaintiff testified that he was several feet away from the hoistway opening when he was struck by the bucket and that he first saw the bucket when it was about a foot away at eye level, a split second before it struck him. Although he did not see the bucket fall or know how it fell, he believed it came from the hoistway opening and had fallen from an open metal container attached to the hoist somewhere up in the shaft.

The plaintiff commenced this action to recover damages for personal injuries, alleging common-law negligence and viola-

tions of various sections of the Labor Law. Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action to recover damages based on violations of Labor Law § 240 (1) and § 241 (5) and (6). The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and cross motion, and the plaintiff appeals from the denial of his motion.

The Supreme Court properly denied the plaintiff's motion because he failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law by showing that his injuries were proximately caused by the alleged violations of the Labor Law, namely, the absence or inadequacy of a safety device or other violation of the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Galvan v Triborough Bridge & Tunnel Auth.*, 29 AD3d 517, 518 [2006]; *Atkinson v State of New York*, 20 AD3d 739, 740 [2005]; *Rosado v Briarwoods Farm, Inc.*, 19 AD3d 396, 398-399 [2005]; *Love v New York State Thruway Auth.*, 17 AD3d 1000, 1001 [2005]; *Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337, 338 [2004]). Since the plaintiff failed to meet his prima facie burden, it is unnecessary to consider the adequacy of the defendants' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, it is unnecessary to address the parties' remaining contentions. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur. **[Prior Case History: 27 Misc 3d 362.]**