■ JOSE PAZMINO, Appellant, v 41-50 78TH STREET CORP., Respondent, et al., Defendant. [32 NYS3d 301]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered March 9, 2015, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) asserted against the defendant 41-50 78th Street Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries while working on a renovation project at premises owned by the defendant 41-50 78th Street Corp. (hereinafter the defendant). Workers on the roof of the building had piled pieces of dismantled metal scaf-

folding, wood, and bricks, in preparation for lowering the debris to the ground by rope. Wooden boards had been placed over the parapet wall of the roof to protect it from damage from the rope. At his deposition, the plaintiff testified that the plan was to bring the metal scaffolding down first. At the time of the accident, he and another worker were at ground level receiving pieces of metal scaffolding. As the plaintiff was bending over to unload scaffolding that had just been lowered, he was struck on the head by a piece of wood, causing him to sustain injuries. The plaintiff further testified that he did not see the wood fall or where it fell from.

The plaintiff commenced this action to recover damages for personal injuries and, thereafter, moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) asserted against the defendant. The Supreme Court, inter alia, denied the motion, and the plaintiff appeals.

To prevail on a motion for summary judgment in a section 240 (1) "falling object" case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]). In addition, the plaintiff "must show that the object fell . . . *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 663).

Here, the Supreme Court properly denied the plaintiff's motion, as he failed to establish his prima facie entitlement to judgment as a matter of law. The evidence submitted by the plaintiff was insufficient to establish that the wood fell because of the absence or inadequacy of a safety device. The plaintiff's mere belief that the wood that struck him was a part of the hoist mechanism is insufficient to establish that it was a component of the safety device itself (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 663; *Podobedov v East Coast Constr. Group, Inc.*, 133 AD3d 733 [2015]; *Wysk v New York City School Constr. Auth.*, 87 AD3d 1131 [2011]; *Galvan v Triborough Bridge & Tunnel Auth.*, 29 AD3d 517 [2006]). Moreover, under the circumstances, including that the plaintiff did not see where the wood fell from, the plaintiff did not establish, prima facie, that his injuries were proximately caused by the absence or inadequacy of a safety device or other violation of the statute (*see Podobedov v East Coast Constr. Group, Inc.*, 133 AD3d at 735-736; *Wysk v New York City School Constr. Auth.*, 87 AD3d at 1132).

The plaintiff's remaining contention is without merit.

Since the plaintiff failed to meet his prima facie burden, it is unnecessary to consider the adequacy of the defendant's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.