Henriquez v Clarence P. Grant Hous. Dev. Fund Co., Inc. (2020 NY Slip Op 04464)





Henriquez v Clarence P. Grant Hous. Dev. Fund Co., Inc.


2020 NY Slip Op 04464


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10881
 (Index No. 513366/16)

[*1]Juan Henriquez, appellant, 
v
Clarence P. Grant Housing Development Fund Company, Inc., et al., respondents.


Oresky & Associates, PLLC (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
London Fischer LLP, New York, NY (David B. Franklin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 17, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries on March 15, 2016, when a plank of wood fell on his head as he and others were dismantling a scaffold at a worksite in Manhattan. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff subsequently moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court denied the motion, and the plaintiff appeals.
"To prevail on a motion for summary judgment in a section 240(1) falling object' case, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Pazmino v 41-50 78th St. Corp., 139 AD3d 1029, 1030, quoting Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662; see Podobedov v East Coast Constr. Group, Inc., 133 AD3d 733, 735-736). "In addition, the plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute'" (Pazmino v 41-50 78th St. Corp., 139 AD3d at 1030, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663).
Here, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, as he failed to establish his prima facie entitlement to judgment as a matter of law. The plaintiff's evidence was insufficient to establish that the plank fell because of the absence or inadequacy of a safety device. The plaintiff testified at his deposition that he was facing away from the scaffold at [*2]the time the plank struck him, and that he only learned about what happened from others after he awoke at the hospital. The plaintiff also submitted the deposition testimony of a superintendent who was not at the worksite on the day of the incident and also learned about it from others. This testimony failed to establish, prima facie, that the plaintiff's injuries were proximately caused by the absence or inadequacy of a safety device (see Podobedov v East Coast Constr. Group, Inc., 133 AD3d at 735-736).
In support of his motion, the plaintiff also relied upon hearsay information contained in a daily log, which he offered as a business record. However, we agree with the Supreme Court that the plaintiff failed to demonstrate the admissibility of the daily log for the purpose of proving the truth of the information contained therein (see Hayes v State of New York, 50 AD2d 693, 693-694, affd 40 NY2d 1044). In any event, the information failed to advance the plaintiff's prima facie showing because it showed "simply that an object fell causing injury to a worker" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268).
Lastly, " [a] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court'" (Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 753, quoting Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944; see Barouh v Law Offs. of Jason L. Abelove, 131 AD3d 988, 991-992). We therefore disagree with the plaintiff's contention that the Supreme Court erred in declining to consider an accident report that he submitted for the first time in his reply papers.
The plaintiff's remaining contentions are not properly before this Court.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court