Andres v North 10 Project, LLC (2021 NY Slip Op 01738)





Andres v North 10 Project, LLC


2021 NY Slip Op 01738


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-09285
 (Index No. 504409/13)

[*1]Mieczyslaw Andres, appellant, 
v
North 10 Project, LLC, et al., respondents, et al., defendants (and a third-party action).


The Platta Law Firm, PLLC, New York, NY (Laurence D. Rogers of counsel), for appellant. 
Ahmuty Demers & McManus, Albertson, NY (Nicholas P. Calabria of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 31, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants North 10 Project, LLC, and HSD Construction, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when an electrical panel box that he was attempting to remove from a wall fell and struck him. The plaintiff appeals from so much of an order as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants North 10 Project, LLC, and HSD Construction, LLC. We affirm.
"In order to prevail on summary judgment in a section 240(1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267, citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "Essentially, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured or required securing for the purposes of the undertaking" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 662-663 [internal quotation marks omitted]).
Here, the plaintiff failed to establish that the electrical panel box was an object that required securing for the purposes of the undertaking (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11; Maldonado v AMMM Props. Co., 107 AD3d 954, 955). Accordingly, the Supreme Court properly denied the plaintiff's motion without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court