| |
|---|
| **Fuentes v 65 Franklin LLC** |
| 2025 NY Slip Op 32796(U) |
| August 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152496/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**

*Justice*

|  |  |
|---|---|
| PART | 14 |

-----------------------------------------------------------------------------X

FERNANDO CRUZ FUENTES,

               Plaintiff,

- v -

65 FRANKLIN LLC, HAP CONSTRUCTION LLC, NOBLE CONSTRUCTION GROUP, LLC,

               Defendants.

-----------------------------------------------------------------------------X

| INDEX NO. | 152496/2020 |
|---|---|
| MOTION DATE | 07/11/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

65 FRANKLIN LLC

               Plaintiff,

-against-

HAP CONSTRUCTION LLC, NORDEST SERVICES LLC

               Defendants.

-----------------------------------------------------------------------------X

Third-Party
Index No. 595312/2020

65 FRANKLIN LLC

               Plaintiff,

-against-

BELLEEYE LLC

               Defendant.

-----------------------------------------------------------------------------X

Second Third-Party
Index No. 595508/2021

The following e-filed documents, listed by NYSCEF document number (Motion 004) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion to/for          JUDGMENT – SUMMARY    .

Defendants' motion for summary judgment is decided as described below.

[* 1]

**Background**

In this Labor Law case, plaintiff alleges that he was injured on February 11, 2020 while working at a job site in Manhattan. Plaintiff contends that he was loading wooden beams that were being passed to him while he was standing on the bed of a truck which was parked on the street outside of the construction site. Plaintiff was standing on the truck bed with co-worker Jose Cabrerra. Two of their co-workers would hand plaintiff and Cabrerra wooden beams from street level. Plaintiff and Cabrerra would then stack the beams on top of each other. Plaintiff was employed by demolition subcontractor Nordest (a third-party defendant) which was the only contractor working at the premises on the day of the accident.

Plaintiff contends that his accident happened when he was adding a wooden beam to the top of a stack of other wooden beams; the stack was about four feet high (NYSCEF Doc. No. 111 at 76 [plaintiff's deposition transcript]). He testified that as he was lifting a beam to set it on the top of the stack, the beam at the top of the stack slipped out of place and went sideways, that both beams then fell on him, and that he was knocked onto the street (*id.* at 80-82). The distance from the truck bed to the street was approximately four feet (*id.* at 62). Plaintiff testified that the accident occurred because the beams were slippery (*id.* at 80). Plaintiff alleges the accident left him with back, neck, and shoulder injuries which required medical treatment including physical therapy, injections, and back surgery.

Defendants contest this version of events and submit the affidavit of plaintiff's co-workers, Edison Vasquez and Jose Cabrerra.

Mr. Cabrerra claims that he was with plaintiff on the back of the truck and saw plaintiff "jump from the truck while he mishandled a board. He never fell from the truck…The cause of Fuentes' accident was that he accidently dropped a board that was passed up to him, which made

him lose his balance and then he jumped from the truck" (NYSCEF Doc. No. 118, aff of Mr. Cabrerra at ¶ 10-11).

Plaintiff brings causes of action based upon Labor Law §§ 241(6), 240(1), 200 and for common law negligence. Here, defendants 65 Franklin LLC and HAP Construction LLC ("defendants") move to dismiss plaintiff's claims under Labor Law §§ 240(1) and 200 as well as for common law negligence and for lost wages. Defendants' motion did not seek dismissal of plaintiff's claim pursuant to Labor Law § 241(6).

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bona fide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably

conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

As an initial matter, plaintiff does not oppose the part of defendants' motion seeking to dismiss plaintiff's common law negligence and Labor Law § 200 causes of action. The Court therefore grants that part of defendants' motion and severs and dismisses these claims.

The remaining claim subject to this motion: 240(1)

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"Labor Law § 240 (1) applies to both falling worker and falling object cases. With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related to a significant risk inherent in … the relative elevation … at which materials or loads must be positioned or secured. Thus, for section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind

enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001] [internal quotations, emphasis, and citations omitted]).

Defendants contend that the part of plaintiff's claim brought under Labor Law § 240(1) should be dismissed, as this is not the type of gravity-related accident that is contemplated by Section 240(1). Defendants cite to *Pitang v. Beacon Broadway Co.*, LLC (231 AD3d 414, 220 NYS3d 242 [1st Dept 2024]) which found that a Labor Law §240(1) cause of action was properly dismissed where a worker fell off a flatbed truck. That court ruled that "Plaintiff worker's Labor Law § 240(1) claim was properly dismissed where he was injured in a four-foot fall from the flatbed area of a parked truck to the sidewalk below. Plaintiff was not exposed to the type of elevation-related risk that is essential to a cause of action under Labor Law§ 240(1)… This case is distinguishable from other cases where the worker was exposed to a significant elevation differential of 10 or more feet while working from on top of stacked materials on a flatbed truck, in which circumstances safety devices of the kind enumerated in Labor Law §240(1) were deemed warranted" (*id.* at 415).

Plaintiff contends that *Pitang* does not control here, as this case is about a falling object, and not a falling person. Plaintiff claims that the facts at hand fall into a category of cases covered by 240(1) where a plaintiff is injured when an object falls while in the process of being hoisted or secured, and proper equipment was not provided for the undertaking. Plaintiff cites to *MacGregor v MRMD NY Corp.*, (194 AD3d 550 [1st Dept 2021)] and *Flores v Metro. Transp. Auth.*, (164 AD3d 418 [1st Dept 2018]). In *MacGregor*, the plaintiff's grant of summary judgment on 240(1) was upheld by the First Department where the evidence showed that "defendant's contractor failed to use tag lines or other safety devices to secure steel beams that were being hoisted during a storm, allowing the beams to spread when they were suddenly

dropped, knocking plaintiff off the cab of the truck where he was rigging the beams and causing his injuries…" (194 AD3d at 551). In *Flores* the First Department held that the plaintiff demonstrated entitlement to summary judgment on his Labor Law § 240(1) claim where the plaintiff showed that his accident was proximately caused when he "fell off a flatbed truck after a load of steel beams, without tag lines, was hoisted above him by a crane, and began to swing towards him…" (164 AD3d at 419). That court found that the risk of the hoisted load of beams with no tag lines triggered 240(1).

Here, the Court finds that even assuming plaintiff's version of events, he has not raised an issue of fact sufficient to maintain his Labor Law § 240(1) cause of action under the *Pitang* case cited above. Plaintiff has not shown that an object fell while being hoisted or secured because of the absence or inadequacy of a safety device. The injuries plaintiff alleges were not the result of the kind of gravity-related hazard according to the *Pitang* case cited above and the cases he relies upon are easily distinguishable.

In both *MacGregor* and *Flores*, there was a bundle of steel beams that was being hoisted, and the beams were not properly secured. According to plaintiff, that is not what happened here. Here, the beams were neither hoisted nor secured. According to plaintiff's testimony, he was being handed up beams, one at a time, to stack on the truck. According to plaintiff, as he was adding another beam to a four-foot stack of beams, one beam went sideways and, because of slippery conditions, both beams fell on him from a height of about four feet, and he was knocked off an approximately four-foot truck bed onto the street. Plaintiff does not allege that the accident occurred because the beams should have been secured and were not. When asked why the first beam fell, plaintiff responded, because "it was so slippery" (NYSCEF Doc. No. 111 at 81). The

[* 6]

evidence on record does not suggest that the beams should have been secured or that a specific safety device should have been used to protect plaintiff from elevation or gravity-related injuries.

The Court finds that the First Department's decision in *Pitang* controls here; the First Department held that a worker falling four feet off a flatbed truck was not a gravity-related incident under the statute, and that recent decision is binding on this Court. Therefore, the Court grants the part of defendants' motion seeking to dismiss plaintiff's cause of action brought under Labor Law § 240(1).

Lost Wages

Defendants ask the Court to dismiss plaintiff's "claim" for lost wages, as they contend that plaintiff effectively duped his employer by providing fraudulent identification documents to get the job and is therefore barred from recovering lost wages.

The Court observes that "lost wages" is not a separate cause of action – but rather would go to plaintiff's damages if liability is determined in favor of plaintiff on one of his causes of action. Therefore, the Court denies the part of defendants' motion which seeks to dismiss plaintiff's claim for lost wages at this time. Nothing prevents defendants from making an application at trial for this relief.

Summary

Plaintiff did not oppose the part of defendants' motion which seeks to dismiss plaintiff's causes of action pursuant to Labor Law § 200 or for common law negligence, and so the Court dismisses those causes of action. The Court also dismisses plaintiff's cause of action under Labor

Law § 240(1) based on applicable and binding precedent that directly applies to the instant circumstances.

The Court denies the part of defendants' motion which seeks to dismiss plaintiff's "claim" for lost wages, as lost wages is not a cause of action in and of itself but would rather go to plaintiff's damages if plaintiff ultimately prevails at trial.

Accordingly, it is hereby

ORDERED that the part of defendants' motion which seeks to dismiss plaintiff's causes of action pursuant to Labor Law § 200 and for common law negligence is granted as unopposed; it is further

ORDERED that the part of defendants' motion which seeks to dismiss plaintiff's cause of action pursuant to Labor Law § 240(1) is granted; and it is further

ORDERED that the part of defendants' motion which seeks to dismiss plaintiff's claim for lost wages is denied; and it is further

ORDERED that all other relief is denied.

| | | | |
|---|---|---|---|
| **08/14/2025** | | | |
| **DATE** | | ARLENE P. BLUTH, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |