5915 Larone Butler v Marco Realty Assoc., L.P. (2026 NY Slip Op 01006)

5915 Larone Butler v Marco Realty Assoc., L.P.

2026 NY Slip Op 01006

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 156776/17, 595506/18|Case No. 2024-03107|Motion No. 156776/17
 595506/18
156776/17
 595506/18
156776/17
 595506/18
156776/17, 595506/18|Appeal No. 5915
5915|Case No. 2024-03107|

[*1]5915 Larone Butler, Plaintiff-Respondent,
vMarco Realty Associates, L.P., et al., Defendants-Appellants, All-Rite Construction Co., Inc., et al., Defendants-Respondents. [And a Third-Party Action]

Cullen and Dykman LLP, New York (Nadine Gabai of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for Larone Butler, respondent.
Stonberg Hickman & Pavloff LLP, New York (Keven A. Hickman of counsel), for Always First Inc., respondent.
The Law Offices of Shahab Katirachi, New York (Gregory P. Lewis of counsel), for QCC Maintenance Inc., respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 10, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim as against defendants Marco Realty Associates, L.P., Old Navy, LLC, The Gap, Inc., and James Hunt Construction Co., Inc. (collectively, the building defendants); granted defendant/third-party defendant Always First, Inc.'s motion for summary judgment dismissing the building defendants' claim for common-law indemnification and contribution; and denied the building defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 200 and 240(1) and common-law negligence claims as against them and for judgment in their favor on their contractual indemnification claims as against Always First, Inc. and third-party defendant QCC Maintenance, Inc., unanimously modified, on the law, to dismiss the Labor Law § 200 and common-law negligence claims as against Marco Realty, Old Navy, and The Gap, and otherwise affirmed, without costs.
Supreme Court properly concluded that plaintiff, who worked as a demolition laborer for Always First, established prima facie entitlement to partial summary judgment under Labor Law § 240(1) based on his testimony that a pipe measuring around 8 inches wide and 10 feet long fell from the ceiling while he was working underneath it. The pipe, which had been partially cut by another trade worker a few hours before the accident, was an object that required securing, and "plaintiff's injury was the foreseeable consequence of the risk of performing the task without any safety device of the kind enumerated in the statute" (Diaz v Raveh Realty, LLC, 182 AD3d 515, 516 [1st Dept 2020]). In opposition, defendants failed to raise a material issue of fact (id.).
The motion court should have dismissed the section 200 and common-law negligence claims as againstMarco Realty, Old Navy, and The Gap. Because the accident arose from the means and methods of the work, as opposed to any defect on the premises, the relevant inquiry is whether defendants had supervisory authority over the injury-producing work (see Humphrey v Park View Fifth Ave. Assoc. LLC, 113 AD3d 558, 559 [1st Dept 2014]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 265-66, 269 [2001]). Plaintiff does not dispute that Marco Realty, Old Navy, and The Gap, the owner and tenants of the premises, did not control the injury-producing work. The record, however, presents an issue of fact as to whether James Hunt, the general contractor at the work site, controlled the schedule of trades that were working at the subcellar floor and ceiling, placing it in a position to avoid the unsafe condition of plaintiff's work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 353 [1998]; Garcia v 100 Church Fee Owner, LLC, 244 AD3d 480, 482 [1st Dept 2025]).
Because issues of fact remain as to James Hunt's negligence in coordinating the injury-producing work, Supreme Court properly denied the building defendants' motion for summary judgment on the contractual indemnification claims as against Always First and QCC. James Hunt is the sole indemnitee under the indemnification provisions in Always First's and QCC's subcontracts. While the indemnity agreements are unenforceable with respect to James Hunt's own act of alleged negligence (see General Obligations Law § 5-322.1; Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795 [1997]), they will be enforceable should a jury determine that James Hunt is free of negligence.
With regard to QCC, summary judgment on the contractual indemnification claim as against it was properly denied for the additional reason that factual issues remain as to whether plaintiff's claim arose out of QCC's work given the unresolved circumstances surrounding the identity of the worker who cut the pipe and whether the pipe was QCC's responsibility to remove.
Finally, Supreme Court properly granted Always First's motion dismissing the common-law indemnification and contribution claims as plaintiff's shoulder and spine injuries are not among the "grave injuries" enumerated in Workers' Compensation Law § 11.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026