**Bautista v Hughes & Hughes Contr. Corp.**

2024 NY Slip Op 33662(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 154001/2017

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYNN R. KOTLER** | PART 08 |
| *Justice* | |

---------------------------------------------------------------------X

PEDRO BAUTISTA

                            Plaintiff,

                - v -

HUGHES & HUGHES CONTRACTING CORP.,

                        Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154001/2017 |
| MOTION DATE | 02/07/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82

were read on this motion to/for                     JUDGMENT - SUMMARY        .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim is granted as follows.

Familiarity with the court's prior decision on plaintiff's first motion for summary judgment, which was denied as premature, as well as the prior related action is assumed.

In this action for personal injuries sustained by a construction worker in violation of the Labor Law, plaintiff now moves for partial summary judgment, claiming that there are no issues of fact which preclude a finding of liability against defendant Hughes & Hughes Contracting Corp., the general contractor at the site where plaintiff performed the injury-producing work. Regarding the accident, plaintiff testified that he fell from a metal plank which was wet due to rain. According to plaintiff, the plank was elevated six to six and a half feet off the ground. However, photos of the plank taken shortly after plaintiff's accident depict it placed between two ladders on the third rung of each.

[* 1]

According to plaintiff's employer, Richard Moynagh, plaintiff was to work at the job site for two days. Moynagh testified that the plank was approximately two feet above the ground. Moynagh further testified that plaintiff was standing on the first rung of one of the ladders, approximately twelve inches off the ground, shortly before he fell. Although Moynagh could not recall what plaintiff was specifically doing immediately prior to the accident, he tesitified that plaintiff was not on the plank with him. Moynagh disputes other aspects of plaintiff's testimony, i.e. the weather on the date of the accident.

Applicable standard

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

Discussion

Labor Law § 240[1], which is known as the Scaffold Law, imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately

154001/2017 BAUTISTA, PEDRO vs. HUGHES & HUGHES CONTRACTING Page 2 of 4
Motion No. 002

2 of 4

[* 2]

causes an injury (*Gordon v. Eastern Railway Supply, Inc.*, 82 NY2d 555 [1993]). The statute

provides in pertinent part as follows:

> All contractors and owners and their agents, … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a premises or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240 protects workers from "extraordinary elevation risks" and not "the

usual and ordinary dangers of a construction site" (*Rodriguez v. Margaret Tietz Center for

Nursing Care, Inc.*, 84 NY2d 841 [1994]). "Not every worker who falls at a construction site,

and not every object that falls on a worker, gives rise to the extraordinary protections of Labor

Law § 240(1)" (*Narducci v. Manhasset Bay Associates*, 96 NY2d 259 [2001]).

Section 240[1] was designed to prevent accidents in which the scaffold, hoist, stay, ladder

or other protective device proved inadequate to shield the injured worker from harm directly

flowing from the application of the force of gravity to an object or person (*Runner v. New York

Stock Exchange, Inc.*, 13 NY3d 5999 [2009] quoting *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81

NY2d 494 [1993]). The protective devices enumerated in Labor Law § 240 [1] must be used to

prevent injuries from either "a difference between the elevation level of the required work and a

lower level or a difference between the elevation level where the worker is positioned and the

higher level of the materials or load being hoisted or secured" (*Rocovich v. Consolidated Edison

Co.*, 78 NY2d 509 [1991]).

The court agrees with defense counsel that assuming *arguendo* plaintiff met his burden

on this motion, material questions of fact exist as to how plaintiff's accident occurred (i.e. did

plaintiff fall from the plank or scaffold and from what height) and whether plaintiff's injuries

were the result of a failure to provide adequate safety devices to protect against a risk arising

154001/2017  BAUTISTA, PEDRO vs. HUGHES & HUGHES CONTRACTING
Motion No. 002

Page 3 of 4

[* 3]

3 of 4

from a "physically significant elevation differential" (*see i.e. Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). The court is not convinced by plaintiff's counsel's argument that because Moynagh testified he did not specifically see plaintiff fall, and did not look at plaintiff prior to the accident a "[c]ouple minutes before", a reasonable factfinder must credit plaintiff's account of how the accident occurred. Rather, on this record, a reasonable factfinder might credit Moynagh's account coupled with pictures of the accident location and discredit plaintiff's version, finding that the Section 240[1] was not violated.

Accordingly, it is hereby **ORDERED** that plaintiff's motion for partial summary judgment is denied.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

| 10/11/2024 | | | |
|---|---|---|---|
| **DATE** | | | **LYNN R. KOTLER, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | [x] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | [X] | GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] | SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] | INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

154001/2017  BAUTISTA, PEDRO vs. HUGHES & HUGHES CONTRACTING
Motion No. 002

Page 4 of 4